Filed 3/25/21  Neff v. Boschee CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| BURKLEY NEFF et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>HOLLY BOSCHEE,<br><br>    Defendant and Appellant;<br><br>VERE ENTERPRISES, INC. et al.,<br><br>    Defendants and Respondents. | 2d Crim. No. B299670<br>(Super. Ct. No. 56-2015-00471260-CU-WE-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING [CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 5, 2021, be modified as follows:

1.  On page 2, the last sentence in the first paragraph, "We reject these contentions and affirm," is deleted and the following is inserted in its place:  "We modify the judgment as stated herein, but otherwise affirm."

2.  On page 6, the two sentences under DISPOSITION are deleted and the following is inserted in its place:

> We modify the judgment to correct an apparent clerical error.  The jury verdict form shows that Boschee is 40 percent liable on the wrongful eviction cause of action.  The judgment erroneously states Boschee is 50 percent liable.  We correct the judgment to reflect the jury finding that Boschee is 40 percent liable.  In all other respects, we affirm the judgment.  Costs are awarded to respondents.

This modification changes the judgment.

We deny appellant's petition for rehearing.

_____

Gilbert, P.J.            Perren, J.            Tangeman, J.

Filed 3/5/21  Neff v. Boschee CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| BURKLEY NEFF et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>HOLLY BOSCHEE,<br><br>    Defendant and Appellant;<br><br>VERE ENTERPRISES, INC. et al.,<br><br>    Defendants and Respondents. | 2d Crim. No. B299670<br>(Super. Ct. No. 56-2015-00471260-<br>CU-WE-VTA)<br>(Ventura County) |

Holly Boschee appeals a judgment entered in favor of Burkley Neff and Renita Kay Griffin following a jury trial.

This lawsuit concerns the lock-out of Neff and Griffin from Neff's Fillmore home following foreclosure proceedings.  Their possessions, including sentimental personal property, were removed from the home and damaged or destroyed when placed in a trailer and open boat parked outside the home.  Following a

jury trial, Neff and Griffin received a verdict for economic and noneconomic damages against Boschee, real estate agent Carol Anderson, and real estate firm Vere Enterprises, Inc., doing business as RE/MAX of Valencia.[1] Boschee appeals and raises claims of error regarding the jury instructions and special verdict form. We reject these contentions and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On September 3, 2015, Neff filed a verified first amended complaint alleging causes of action for wrongful eviction and conversion, among others. Neff alleged that he was the owner of residential real property located at 353 4th Street in Fillmore. On June 2, 2015, Bank of America held a foreclosure sale of the property. Neff and Griffin were then in legal possession, but temporarily residing elsewhere, caregiving for an elderly family member. Prior to the date of the foreclosure sale, Neff permitted Boschee to move into the property as a caretaker.

The complaint also alleged that following the foreclosure sale, Anderson contacted Neff and offered him "cash for keys." Neff refused. Anderson then contacted Boschee and made the same offer. Boschee accepted, and then carelessly removed Neff's and Griffin's possessions, placing them in a boat and trailer parked in the driveway and exposing them to the weather. Boschee and RE/MAX also changed the locks to the property. At that time, Bank of America had not served Neff with a notice to quit the premises or an unlawful detainer action. The complaint

---

[1] To ease the reader's task, we sometimes refer to the parties Neff and Griffin as "Neff," and Anderson and RE/MAX of Valencia as "RE/MAX" except where clarity demands that we draw a distinction. Neff was the owner of the Fillmore property and Griffin is his fiancée.

attached photographs of Neff's personal property in the open boat and trailer.

Prior to trial, RE/MAX made a statutory offer to compromise with Neff, pursuant to Code of Civil Procedure section 998. RE/MAX offered Neff $27,501 in exchange for a dismissal of the action and mutual release. RE/MAX proposed that the parties bear their own costs, attorney fees, and expenses. The written offer to compromise warned that if Neff failed to obtain a more favorable judgment at trial, he could not recover his post-offer costs and would pay RE/MAX's costs from the time of the statutory offer. Neff refused the statutory offer to compromise and in mid-April 2017 the matter proceeded to trial.

Following trial, the jury completed special verdict forms and decided in favor of Neff on causes of action for wrongful eviction, constructive eviction, conversion, and elder abuse. The jury apportioned fault concerning the wrongful eviction cause of action as 50 percent for RE/MAX, 40 percent for Boschee, and 10 percent for another party not involved at trial. The jury apportioned fault concerning the conversion cause of action at 100 percent for Boschee. It awarded $5,000 damages for economic loss of property, $6,525 for medical expenses, and $20,000 for noneconomic loss, including emotional distress.

Boschee then filed a motion for judgment notwithstanding the verdict. The trial court denied the motion concerning the wrongful eviction and conversion causes of action and decided that the jury received proper instructions and sufficient evidence supported its findings. The court granted the motion regarding the constructive eviction and elder abuse causes of action due to errors in the corresponding jury instructions and special verdict questions.

3

On January 10, 2020, the trial court entered an amended judgment. After adjusting for recovery of RE/MAX's $26,888.61 costs based upon Neff's refusal of the statutory offer to compromise, the court ordered Neff to pay $4,613.61 to RE/MAX. The court also ordered Boschee to pay $10,000 to Neff (50 percent of $20,000) of the noneconomic damages.[2]

Boschee appeals and contends that the jury instructions and special verdict form were erroneous. The parties have prepared and submitted an appellate record consisting of the first amended complaint, select jury instructions, the completed special verdict form, select minute orders, and the amended judgment. The appellate record does not contain a reporter's transcript of the trial proceedings, including any pre-trial or post-trial proceedings.

*DISCUSSION*

Boschee argues that the special verdict form is erroneous because it failed to inquire whether she committed the wrongful acts as an agent of RE/MAX. Boschee also contends that the special verdict form erroneously refers to "damaging/destroying" of Neff's personal property rather than "destroying" the property.

On appeal, we presume that a judgment is correct and an appellant must provide an adequate record to establish prejudicial error. (*Kalta v. Fleets 101, Inc.* (2019) 41 Cal.App.5th 514, 516-517.) An appellant must satisfy his burden of establishing prejudicial error with reasoned argument and legal authority to support his contentions. (*Id.* at p. 516.) We review

---

[2] RE/MAX filed a cross-complaint seeking contribution or indemnity from Boschee. The amended judgment ordered Boschee to pay 50 percent of the economic damages that RE/MAX received credit for as an offset against Neff's jury award.

4

only those contentions adequately raised and supported in the appellant's briefs. (*Arnold v. Dignity Health* (2020) 53 Cal.App.5th 412, 423.) These are long-held fundamental principles of appellate procedure. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Arnold*, at p. 423.)

Boschee has not provided a sufficient record indicating that she objected to the jury instructions or requested additional findings from the jury concerning the special verdict form. (*Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 456 [if special verdict is ambiguous, party adversely affected should request more certain verdict]; *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 131 [party who fails to object to special verdict form forfeits argument on appeal].) She has forfeited her arguments on appeal. In any event, the jury received proper pattern jury instructions regarding wrongful eviction, conversion (including destruction of property), and vicarious liability (civil conspiracy and aiding and abetting wrongful acts). We presume the jury understood and followed the instructions in the absence of evidence otherwise. (*People v. Myles* (2012) 53 Cal.4th 1181, 1212.)

Following the filing of Boschee's opening brief, the trial court amended the judgment to reflect adjustments required for RE/MAX's offer to compromise. Boschee's claims of error in the judgment have been mooted by the amended judgment.

*DISPOSITION*

The judgment is affirmed. Costs are awarded to respondents.

<u>NOT TO BE PUBLISHED</u>.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura

_____


Larry DeSha for Defendant and Appellant.


Law Offices of Michael D. Kwasigroch, Michael D. Kwasigroch for Plaintiffs and Respondents.


Carlson Law Group, Inc., Mark C. Carlson for Defendants and Respondents.